UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC FRANCES MURRY, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 12-CV-515-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
|     DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, Eric Frances Murry, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Eric Frances Murry's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Richard J. Kallsnick was held October 6, 2010. By decision dated December 28, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 19, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 36 years old on the alleged date of onset of disability and 39 years old on the date of the denial decision. He has a high school education and he previously worked as a used car salesman. Plaintiff claims to have been unable to work since February 1, 2008, due to diverticulitis and nerve damage to his legs. [R. 167].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to gastrointestinal problems. [R. 11]. The ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform the full range of light exertional work[2] as defined in

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR 404.1567(b).  The ALJ determined at step four, based upon the testimony of the vocational expert, that Plaintiff was able to perform his past relevant work as a used car salesman as it is customarily performed.  The ALJ made an alternative finding at step five that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 28].  Accordingly, the ALJ found Plaintiff was not disabled.  The case was thus decided at step four with an alternative finding at step five of the five-step evaluative sequence for determining a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to discuss the October 2009 hospitalization; 2) failed to properly evaluate the medical source evidence; 3) failed to properly evaluate Plaintiff's mental impairments; and 4) failed to perform proper step four and step five determinations.

## Analysis

The ALJ concluded that Plaintiff's allegations of leg pain and dysfunction were unsupported.  However, there are numerous objective medical findings contained in the records of Plaintiff's hospitalization at Integris Grove General Hospital in October 2009 which support Plaintiff's allegations of leg pain and dysfunction. For instance, the objective medical evidence[3] contained within the hospital records document:  marked weakness in his right lower extremity; inability to do heel-shin movement with his right leg; inability to lie back down without using his left leg to push his right leg up; inability to raise his right leg

---

[3] Objective evidence are medical signs and laboratory findings as defined in C.F.R. § 404.1528(b) and (c).

up to touch the doctor's hand; decreased sensory perception; weakness of the right foot and leg starting at the thigh; hard, moveable nodule on right flexor tendon of the right foot lateral dorsal surface measuring approximately 1.5 cm; and a 14 point review of systems is positive for right leg weakness and tingling. [Dkt. 11, p. 2-3; R. 386-405]. The ALJ did not mention any of these objective findings.

In the written decision, the ALJ said the following about Plaintiff's hospital stay:

> The claimant was seen from October 4, to 5, 2009, in a hospital based on complaints of leg pain and weakness. No definitive diagnosis was made and he was referred to a neurologist. Exhibit 10F.
>
> * * *
>
> . . . The October 2009 hospital visit did not result in a definitive diagnosis related to the claimant's complaint and there were no more diagnosis of any medical condition related to the basis for claimant's spasms.

[R. 13]. The foregoing leaves the impression that there was no evidence of the leg problems that Plaintiff complained of during his hospital stay. The court finds that the ALJ's reliance on a lack of diagnosis failed to take into account the objective findings that confirmed Plaintiff's complaints. Furthermore, the lack of a diagnosis is not an acceptable basis for the ALJ's rejection of the objective medical evidence.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater,* 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue,* 243 Fed.Appx. 387, 392 (10th Cir.

2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel,* 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  Regardless of the existence of a diagnosis, the evidence in this case suggests functional limitations. The medical records corroborate Plaintiff's complaints of leg pain, muscle weakness, and tingling. The ALJ's failure to mention this evidence on the basis that there was no diagnosis is reversible error.

The objective findings from a post-hearing consultative examination on November 18, 2010, further suggests the existence of functional limitations.  The consultative examiner, Dr. Magness, found Plaintiff had limited range of motion of the right ankle, pes planus on his right, muscle spasms in right hip and thigh, positive straight leg raising on the right, positive and negative neurological reflexes in the right patellar and left Achilles, completely absent neurological reflexes in the right Achilles, as well as muscle weakness in the right thigh (grade 3 out of 5) and decreasing. Dr. Magness diagnosed Plaintiff as suffering from parethesia/paresis and completed a Medical Source Statement of Ability to Do Work (Physical) opining that in an 8 hour workday Plaintiff could sit for a total of 4 hours for 2 hours at a time, stand for a total of 4 hours at 30 minute intervals, and walk for a total of 4 hours at 30 minute intervals. [R. 417]. The ALJ's discussion of the medical evidence rendered from the consultative examination consists of two partial paragraphs in his eight page decision.  He summarized:

> [E]xamination showed a weakness in the muscle in the right thigh with paresthesias.  The diagnosis was right hip paresthesia/paresis. Exhibit 13F.

> Dr. Magness does diagnose pareathesia (sic) and paresis but the attached residual functional capacity does not show the complete inability to perform work-related activities but shows that the claimant can perform light work. Dr. Magness' medical opinions are given a reduced weight because he is a one-time examiner and he did not see the claimant on more than one occasion.

[R. 13]. It is a mis-reading of Dr. Magness's opinion to say that it supports the ALJ's finding that Plaintiff can perform a full range of light work. Dr. Magness's opinion that Plaintiff could stand or walk only 30 minutes at a time is a significant limitation on the ability to perform the "full range" of light work. Further, in light of the ALJ's failure to discuss the 2009 objective evidence of the same problems Dr. Magness identified, giving his opinion reduced weight on the basis it was the result of a one-time examination, was not reasonable.

The ALJ's decision is being reversed and the case remanded for the ALJ to discuss the functional limitations, if any resulting from the objective findings from the hospitalization at Integris Grove General Hospital in October 2009 in conjunction with the findings of the physical consultative examiner's examination as they relate to Plaintiff's specific allegations of pain, numbness, and dysfunction of his legs. The ALJ's credibility determination and RFC findings were colored by the failure to discuss relevant objective medical findings. On remand, consideration of these findings will require a new credibility analysis and RFC findings.

Although Plaintiff did not allege a mental impairment in his application, a post-hearing mental consultative examination was performed on October 28, 2010. The ALJ mentioned that the examination occurred, but did not discuss the findings of the mental RFC, [R. 13], nor did the ALJ perform the psychiatric review technique as required when

there is evidence of a mental impairment. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). On remand, the ALJ is required to follow the prescribed procedure for evaluating mental impairments.

## Conclusion

For the reasons expressed herein, the ALJ's decision is REVERSED and the case is REMANDED for the ALJ to reconsider the RFC, credibility finding, and weight of the consultative examiner's opinion in light of the objective findings of leg pain and dysfunction in the medical record, for consideration of the mental RFC, and completion of the psychiatric review technique.

SO ORDERED this 18th day of September, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE